## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DARRYLE PEOPLES            *

          Plaintiff          *

v.                      *    Civil Action No. DKC 2005-1643

AMF BOWLING WORLDWIDE, INC.     *

          Defendant       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMNET

COMES NOW, the Plaintiff, Darryle Peoples, by and through his attorneys, Jonathan S. Beiser and Ashcraft & Gerel, LLP, and in opposition to the Defendant, AMF Bowling Worldwide, Inc.'s, Motion for Summary Judgment states as follows:

1.      This is a premises liability claim involving a dangerous condition in the floor of an AMF Bowling Center upon which the Plaintiff was injured.

2.      Sufficient dispute as to material facts exists in this case, and as such, Summary Judgment is improper.

3.      More fully developed arguments and authorities are contained in the accompanying Memorandum of Law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court deny the Defendant's Motion for Summary Judgement.

ASHCRAFT & GEREL, LLP


        /s/
_____
Jonathan S. Beiser, Bar No. 07604
11300 Rockville Pike
Suite 1002
Rockville, MD 20852
301/770-3737
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**DARRYLE PEOPLES**       *

      *

        **Plaintiff**       *

      *

        **v.**       *    **Civil Action No. DKC 2005-1643**

      *

**AMF BOWLING WORLDWIDE, INC.**       *

      *

        **Defendant**       *

      *

      *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

### MEMORANDUM IN OPPOSITION TO
### DEFENDANT'S MOTION FOR SUMMARY JUDGMNET

COMES NOW, the Plaintiff, Darryle Peoples, by and through his attorneys, Jonathan S. Beiser and Ashcraft & Gerel, LLP, and in opposition to the Defendant, AMF Bowling Worldwide, Inc.'s, Motion for Summary Judgment states as follows:

### FACTUAL AND PROCEDURAL HISTORY

The Plaintiff, Darryle Peoples, was injured on February 4, 2004, when, while bowling at the AMF Bowling Center located in Clinton, Maryland, his foot fell through the floor due to a plank of wood which was not screwed or otherwise fastened to the floor. *See* Exhibit A, Depo. of Darryle Peoples, January 3, 2006, at 8, 14). Plaintiff was on the premises as a business invitee and thus, under Maryland law, the Defendant breached its duties to the Plaintiff to act reasonably to keep the premises safe for its customers.

While bowling in a tournament on February 4, 2006, the Plaintiff threw the ball down the lane in the same fashion that he did every other time he had bowled in the past. *Id.* at 18. As he stepped back after throwing the ball down the lane, a plank in the floor that was not nailed down flipped up causing the Plaintiffs foot to fall into the resulting hole, causing his injuries. *Id.* at 14.

There were at least three witnesses in addition to the Plaintiff who witnesses the occurrence. *Id.* at 12-13.  These included two fellow bowlers (who at present cannot be located for statements by the Plaintiff) and the manager on duty at the time of the accident (who the Defendants are also apparently unable to locate). *Id.*  Although an accident report appears to have been filled out, the Defendant is unable to locate it. *See* Defendant's Motion for Summary Judgment, at 3; Exhibit A, at 15.

When asked at his deposition what happened, the Plaintiff stated that the particular floor board in question "wasn't nailed down or however they keep it stationary.  It wasn't stationary and when I stepped on it, I went straight through the ball return straight down through to the floor."  When asked if the board broke, he replied, "No, it flipped straight in.  When I stepped on it, it flipped and I went straight through the hole."  Despite direct evidence that the dangerous condition was of the kind that could only reasonably have been created by the Defendant or would, by nature, have had to exist for a considerable period of time prior to the accident in question, the Defendant has moved for Summary Judgment citing a lack of dispute as to material facts.  The Plaintiff opposes that motion.

## LAW AND ARGUMENT

### I. - Standard for Summary Judgment

As with all motions for summary judgment, the standard that must be applied by this court, under the Federal Rules of Civil Procedure, Rule 56(c), is whether there is a "genuine issue as to any material fact."  While a "mere scintilla" is not enough evidence to create a genuine issue of material fact, direct testimony from the Plaintiff regarding the hazard and the reasonable inferences that a jury would be permitted to make from that testimony are sufficient to survive a

motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). Indeed, the Supreme Court, in that case, stated that, in determining a motion for summary judgment the court should look to both the "evidence and the reasonable inferences which tend to support the nonmoving party." *Id.*

The Fourth Circuit has noted that Summary Judgment is so strict that it should only be granted "when it is *perfectly clear* that there is no dispute as to the facts of the controversy *or the inferences to be drawn* from such facts." *Morrison v. Nissan Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)) (emphasis added). The *Morrison* court continued by stating that "[a]ccordingly, even though there may be no dispute about the basic facts, still summary judgment will be inappropriate if the parties disagree on the inferences which may reasonably be drawn from those undisputed facts." 601 F.3d at 141. Further, the court must view all of the facts and inferences in the light most favorable to the non-moving party. *Pulliam Inv. Co. v. Camero Properties*, 8010 F.2d 1282, 1286 (4th Cir. 1987). Given this legal standard, summary judgment is inappropriate in the instant case.

## II. - Because There Are Material Facts in Genuine Dispute, Summary Judgment Is Improper.

The Defendant is correct in noting that this case is governed by Maryland substantive law. *See* Defendant's Motion, at 5. The elements that must be established in order for the Plaintiff to recover are 1) a duty that was breached, 2) a causal connection between the breach and the injury, and 3) damages. *Brown v. Dermer*, 357 Md. 344, 356, 744 A.2d 47, 54 (2000). As is demonstrated below, there are sufficient facts in dispute regarding all three of these elements.

The Defendant contends, in its Motion for Summary Judgment that the Plaintiff has failed to adduce any evidence which would tend to demonstrate that the Defendant either "(1) created the dangerous condition, (2) actually knew of the condition, or (3) constructively knew of the condition." Defendant's Motion, at 6 (citing *Burwell v. Easton Memorial Hospital*, 83 Md. App. 684, 687-88, 577 A.2d 394 (1990)). However, the Defendant seems to suggest that the factual determination of these factors rests upon the trial judge. *See* Defendant's Motion, at 5. However this is an inaccurate suggestion. In fact, these factors constitute questions of fact which are to be submitted to a jury. *See, i.e., Carter v. Shoppers Food Warehouse Md.* Corp., 126 Md. App.147, 163, 727 A.2d 958 (1999) (constructive notice a question for jury); *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 395, 693 A.2d 370 (1997) (creation of dangerous condition a question for jury); *Magaha v. City of Hagerstown*, 95 Md. 62, 51 A. 832, 836 (1902) (constructive notice a question for jury).

While it is true that, absent an admission from an employee of the Defendant, it is nearly impossible in this particular case to allege actual notice, there *is* ample evidence to suggest both that the defendant created the hazardous condition and that there was constructive notice. The reasonable inferences which a jury could draw from the testimony of the Plaintiff are clearly strong enough to defeat summary judgement in this case.

### A. There is evidence that the Defendant created the dangerous condition upon which the Plainitff was injured.

As was stated above, the Plaintiff testified that the board was not nailed down or kept stationary as it should be. Exhibit A, at 14. He further testified that the Defendant's means of remedying the problem was to come "with a drill and screw[] it back into place." *Id.*, at 33.

- 4 -

Certainly, a reasonable inference which may be drawn from these facts by a jury is that the Defendant had failed to screw or otherwise fasten the board to the ground appropriately. This suggests that the hazard was in fact created by the Defendant (especially given the lack of any 26(a) disclosure on the part of the Defendant of any company or individual responsible for maintenance, repair, or construction of the floor). *See* Exhibit B, Defendant's 26(a) Disclosure.

As was stated above, the court may not grant summary judgment if there is a genuine dispute as to the facts or to reasonable inferences that may be drawn from those facts. *See Morrison*, 601 F.2d at 141. Due to the nature of the defect in the floor, it could certainly be inferred by a jury that the only individual with reasonable ability to create the defect is the Defendant. This is not mere speculation which should be ignored by the court in making summary judgment determinations. *See* Defendant's Motion, at 10 (citing *Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 229, 233, 210 A.2d 724, 726 (1965) and others). Quite the contrary, because no other individuals would reasonably have access to the screws in the floorboards in a situation such as this, and because the Defendant has not listed any other individuals or organizations as having constructed or repaired the floor (as being "likely to have discoverable information") under it's Rule 26(a) Disclosures, it is the most likely and reasonable conclusion that a jury would come to under these circumstances. *See also*, *Nalee, Inc. V. Jacobs*, 228 Md. 525, 180 A.2d 677 (1962) (discussed and applied in detail below).

Questions such as these are to be left to the jury. *Tennant*, 693 A.2d at 370. There is ample evidence in this case for a jury to make a reasonable inference as to the creation of the dangerous condition in the floor by the Defendant. As such, summary judgment is improper.

- 5 -

**B. There is evidence that the Defendant had constructive knowledge of the dangerous condition upon which the Plaintiff was injured.**

In addition to the inference that the dangerous condition was created by the defendant, the very nature of the defect suggests a reasonable inference that the defect existed for a considerable period of time.  While it is true that there mere existence of a defect is not sufficient to impose liability upon a Defendant, *Ronk v. Corner Kick, Inc.*, 850 F.Supp. 369, 371 (D. Md. 1994), it does not follow that those defects which reasonably could not, by their very nature, have existed for a period shorter than that in which the Defendant should have become aware of their existence, should not be considered by the court.  In the instant case, a missing screw or nail is not the kind of defect which one could reasonably assume to have recently appeared.

The Defendant places a considerable weight upon cases that have held that, where there is no evidence to show how long a defect has existed, there can be no liability upon the property owner.  *See* Defendant's Motion, Footnote 1, at 8.  However, this reliance is somewhat misplaced.  The defects in each of the cases cited by the Defendant are defects which could appear at any time, in the course of regular happenings, by the actions of third parties.  *See Ronk*, 850 F. Supp. at 371 (a puddle of water); *Leannarda v. Lansburgh's Dept. Store*, 260 Md. 701, 273 A.2d 149 (1971) (a tear in the rug); *Lexington Market Auth. V. Zappala*, 233 Md. 444, 197 A.2d 147 (1964) (a puddle of oil on the ground); *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 113 A.2d 405 (1955) (a puddle of water on a staircase); *Montgomery Ward & Co. v. Harrison*, 196 Md. 595, 78 A.2d 190 (1951) (a foreign substance on the floor); *Burkwell*, 577 A.2d at 394 (a piece of lettuce on the floor).  Indeed, none of the cases cited by the Defendant in support of this theory are similar in nature to the instant defect.  Here, there was a *missing* nail or

- 6 -

screw.  Thus, the defect can only reasonably be though to have been created at the most recent construction, maintenance, or repair of the floor.  This is not the sort of defect which is created in an instant by another patron of the bowling alley.

Furthermore, the case which the Defendant cites as being "directly on point" with the instant case, *Regent Realty Co. v. Ford*, 157 Md. 514, 146, A. 457 (1929), does not contain the same type of defect at all.  *Id.*  Indeed, the court in that case ruled for the Defendant, not because there could be no constructive notice in such a case, but because there were multiple sources of the condition of the floor on the record (i.e., scuff marks from other people's shoes).  *Id.*  Here, there is no such other source of the defect, short of the wholly unreasonable proposition that, within a very short time prior to the Plaintiff beginning to bowl, another random patron pulled a screwdriver from his bowling bag and proceeded to use the it to unscrew this particular screw from the floor in such a quick and expedient fashion that no employees of the bowling alley or other patrons could have noticed.  Obviously, this contention would be wildly speculative and is not of the sort that should be considered by the court.

A case that is truly on point in this instance is *Nalee, Inc. v. Jacobs*, 228 Md. 525 180 A.2d 677 (1962) (holding that summary judgment is improper where the defendant had a faulty bench on his property for patrons to sit upon).  In that case, the court found that there *was* a genuine question for the jury since the bench that was provided by the Defendants could have been found, on the evidence, to have been in breach of their duty to provide reasonably safe equipment and to make proper inspections to ascertain its condition and discover defects therein.  *Id.*  This case is much closer to the instant case.  Here, the court is not faced with a situation where a foreign object landed on the floor creating a slipping hazzard.  Rather, it is faced with a

situation where the equipment itself (in this case, the floor), was faulty.  Like the bench in *Jacobs*, there is no indication by the Defendant of recent and/or regular repairs (compare with *Carter*, 727 A.2d at 966 (distinguishing *Jacobs* because there was evidence of regular sweeping)), and the floor in the instant case would not be reasonably expected by any patron to have the defect that it did.  Further, that case even went so far as to note that Maryland courts have long settled the fact that "negligence can be inferred from circumstantial evidence."  *Id.* at 531 (citing numerous cases).  The Court went on, in *Jacobs*, to compare the rational inference of negligence in a case such as these to the doctrine of *res ipsa loquitur*.  *Id.*  While the Court was clear to state that the doctrine itself did not apply in that case, it noted that a factual inference of negligence can still be found by a jury without resort to the doctrine of *res ipsa loquitur*.  *Id.*  In the instant case, the fact that no other person would reasonably have had access to the floorboards would, at the very least, provide a rational basis for a jury to infer that the defect had existed for a long enough period of time as to constitute constructive notice (or even further, as was discussed above, provide for the inference that the Defendant had created the defect itself).

Thus, it is clearly within reason for a jury to find, on the facts of this case, that there was constructive notice to the Defendant.  The duty of the judge is to view all presented evidence and reasonable inferences therefrom in favor of the non-moving party, and determine whether, under those circumstances, it would be possible to recover.  Here, it is clear that this standard is satisfied and summary judgment is improper.

**C. The doctrine of *res ipsa loquitur* is applicable in this case presenting a presumption of negligence that is sufficient to defeat summary judgment.**

Even if the court were to find that there is not sufficient evidence to support the contention that the defect was created by the Defendant or that the Defendant had actual or constructive notice of the defect within a reasonable time, there is a presumption of negligence under the doctrine of *res ipsa loquitur* which is applicable here.

The doctrine of *res ipsa loquitur* permits an inference that an accident was caused in a negligent manner when the Plaintiff can demonstrate that 1) the event would not have ordinarily occurred in the absence of negligence, 2) the event was caused by something in the Defendant's exclusive control, and 3) there was no voluntary action or contribution on the part of the Plaintiff. *Norris v. Ross Stores, Inc.*, 159 Md. App. 323, 330, 859 A.2d 266 (2004).  In the instant case, for the same reasons provided in the previous arguments above, the jury could reasonably find that these elements have been satisfied.

A patron does not normally fall through a plank in the wood which has not been properly screwed down in the absence of negligence, and here, there is absolutely no showing of contributory negligence whatsoever.  The only slightly more difficult question is whether the planks and screws were in the exclusive control of the defendant in this case.  As was stated above, it is beyond reason to suggest that a person other than the Defendant or its agents or employees would unscrew or fail to initially screw a plank of wood in the floor.  Further, it is highly reasonable to suggest that, since the plank was directly above the ball return (and indeed, the Defendant fell through the hole *into* the ball return), this screw or plank was likely removed recently or regularly by the Defendant in order to retrieve balls which are stuck in the ball return

- 9 -

or to otherwise perform maintenance on the ball return.

However, whether or not the screw in this plank was intentionally removed for maintenance purposes, the Defendant still retained exclusive control of the board and the screw within all reasonable inferences.  There is no one else with reasonable access to the screws and to the floorboards.  Because there is certainly a reasonable probability that a jury would find that one does not fall through such a plank into the ball return in the absence of negligence and the Plaintiff here, was in no way contributorily negligent, the doctrine of *res ipsa loquitur* applies and there is a evidentiary presumption of negligence which is sufficient to survive a motion for summary judgment.  Therefore, the Defendant's motion should be denied.

## CONCLUSION

Because there is sufficient evidence to submit to a jury as to both creation of a dangerous condition by the Defendant and constructive notice of a dangerous condition by the Defendant, summary judgment is improper.  The Plaintiff therefore respectfully requests that the Defendant's Motion for Summary Judgment be denied.

ASHCRAFT & GEREL, LLP


_____/s/_____
Jonathan S. Beiser, Bar No. 07604
11300 Rockville Pike
Suite 1002
Rockville, MD 20852
301/770-3737
Attorney for Plaintiff

- 10 -

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

**DARRYLE PEOPLES**               *

                                  *

       **Plaintiff**         *

                                  *

   **v.**                         *   **Civil Action No. DKC 2005-1643**

                                  *

**AMF BOWLING WORLDWIDE, INC.**    *

                                  *

    **Defendant**           *

                                  *

                    * * * * * * * * * * * * * * *

### REQUEST FOR HEARING

The Plaintiff hereby requests a hearing on the above Motion for Summary Judgment.


ASHCRAFT & GEREL, LLP



_____/s/_____

Jonathan S. Beiser, Bar No. 07604
11300 Rockville Pike
Suite 1002
Rockville, MD 20852
301/770-3737
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DARRYLE PEOPLES** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **Civil Action No. DKC 2005-1643** |
| | * | |
| **AMF BOWLING WORLDWIDE, INC.** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

HAVING CONSIDERED the Defendant's Motion for Summary Judgement and the

Plaintiff Opposition thereto, it is this _____ day of _____, 2006,

ORDERED that the Defendant's Motion for Summary Judgment be, and hereby is,

DENIED.

_____
Judge