```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

DARRYLE PEOPLES                   :
                                  :
     v.                           : Civil Action No. DKC 2005-1643
                                  :
AMF BOWLING WORLDWIDE, INC.       :
                                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Defendant's motion for summary judgment. (Paper 26). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be granted.

**I. Background**

Plaintiff Darryle Peoples's complaint for negligence alleges that, on or about February 4, 2004, Plaintiff fell through a board on a bowling area in Defendant AMF Bowling Worldwide, Inc.'s bowling alley. (Paper 2 ¶ 2). The complaint further alleges that: (1) Defendant owed a duty to Plaintiff as a business invitee to maintain the premises in a reasonably safe condition, and furthermore Defendant had a duty to perform the necessary inspections to discover the danger, (*id.* ¶¶ 4-5, 7); (2) Defendant had reason to know that a hazardous condition existed in the floor of the bowling area and had placed inadequate warnings, (*id.* ¶ 6); and (3) Defendant breached its duties, (*id.* ¶ 8). Plaintiff claims that he suffered severe and permanent physical injuries, incurred

medical expenses, and suffered a loss of earnings as a result of Defendant's negligence. (*Id.* ¶¶ 9-10). Plaintiff claims damages in the amount of $250,000. (*Id.* ¶ 10).

The following facts are either undisputed or are construed in the light most favorable to Plaintiff. In his deposition, Plaintiff testified that he bowls in a league that meets at Defendant's center every Wednesday. (Paper 27, Ex. A, Peoples Dep. at 21-22). On the night in question, he was bowling in a tournament, bowling three games, with each game in a different lane. (*Id.* at 11). He fell in his third game, in lane 17 or 18, in the eighth or ninth frame. (*Id.* at 8, 11-12). Plaintiff stated that he "threw the ball and was watching the ball go down the lane" and, while walking backwards, he stepped on a board and went through the floor and fell over. (*Id.* at 16). According to Plaintiff, the board in front of the ball return flipped up when he stepped on it and his foot then fell down through the floor. (*Id.* at 14-15). He "guess[ed] [that] it wasn't nailed down or however they keep it stationary." (*Id.* at 14).

Plaintiff described the area as looking perfectly normal beforehand, and prior to his fall he did not make any reports to management that there were any problems with the lane. (*Id.* at 16-17).

After he fell, Plaintiff was pulled out of the ball return hole, and the manager of the center came over and asked if he was

okay and if he needed an ambulance.  Plaintiff declined any medical service.  (*Id.* at 13-14).  According to Plaintiff, the manager, whom Plaintiff believes was named "J.D.", then filled out an accident report.  Defendant, however, has reviewed all of the customer accident investigation reports in its possession for incidents reported in February 2004 and has found no report that indicates that Plaintiff reported this incident to management. (Paper 26, Ex. 3, Range Aff. ¶¶ 4-5).

Plaintiff asserts that after his fall, Defendant did not close the lane down, but an employee "came up with a drill and screwed it back in place."  (Paper 26, Ex. A, Peoples Dep. at 19, 33).

## II. Standard of Review

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979).  The moving party bears the burden of showing that there is

3

no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Catawba Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 256; *Celotex Corp.*, 477 U.S. at 324. However, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir.), *cert. denied*, 522 U.S. 810 (1997). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely

4

colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## III. Analysis

Defendant argues that it is entitled to summary judgment because Plaintiff has failed to produce evidence sufficient to support his negligence claim that Defendant either (1) created the danger, or (2) had actual or constructive knowledge of the danger. Defendant also argues that Plaintiff is precluded from claiming *res ipsa loquitur*, but that even if *res ipsa loquitur* is applied, Plaintiff has not established that the injury was caused by an instrumentality exclusively within Defendant's control.

As the incident occurred in Maryland, the law of Maryland governs the substantive legal issues in this diversity action. *Ramos v. S. Md. Elec. Co-op.*, 996 F.2d 52, 54 (4th Cir. 1993).

### A. Negligence

An operator of a bowling alley, like any proprietor, has a duty to its patrons as business invitees to "exercise ordinary care to maintain . . . [its] premises in a reasonably safe condition. *Giant Food Inc., v. Mitchell*, 334 Md. 633, 636 (1994). The mere existence of a defect, though, is insufficient to establish liability. *Ronk v. Corner Kick, Inc.*, 850 F.Supp. 369, 370 (D.Md. 1994) (internal citations omitted). The proprietor of a store is not an insurer of the safety of his customers while they are on the premises and no presumption of negligence on the part of the owner

arises merely from a showing that an injury was sustained on his premises. *See Rhen v. Westfield America*, 153 Md.App. 586, 593 (2003). Liability cannot attach unless the proprietor (1) created the dangerous condition, or (2) had actual or constructive knowledge of its existence. *Ronk*, 850 F.Supp. at 370. The Court of Appeals of Maryland explained in *Moulden v. Greenbelt Consumer Servs., Inc.*, 239 Md. 229, 232 (1965):

> The evidence is legally sufficient to warrant submission of a case to the jury if it rises above speculation or conjecture, and so affords the rational basis needed for a determination that the defendant was guilty of negligence which produced the accident. A mere surmise that there may have been negligence will not justify the court in permitting the case to go to the jury. *Olney v. Carmichael*, 202 Md. 226, 96 A.2d 37. The burden is upon the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence. *Lexington Market Authority v. Zappala*, 233 Md. 444, 197 A.2d 147; *Montgomery Ward & Co. v. Hairston*, 196 Md. 595, 78 A.2d 190.

**1. Plaintiff Has Not Produced Sufficient Evidence That Defendant Created the Danger**

Plaintiff was a business invitee bowling in Defendant's facility. He first posits that Defendant created the loose or unfastened board in the bowling floor. Plaintiff contends that it is reasonable to infer that because Defendant remedied the danger by screwing the board back into place, Defendant also must have created the danger by failing to screw in the board or otherwise fasten it appropriately in the first place. (Paper 27, at 6-7).

Under Maryland law, though, evidence of subsequent remedial measures is not admissible to prove fault.  *See*  Md.R. 5-407; *see also Tuer v. McDonald,* 347 Md. 507 (1997) (applying Fed.R.Evid. 407 as adopted by Maryland in the form of Md.R. 5-407, effective July 1, 1994, that testimony of subsequent change in physicians' protocol was not admissible under impeachment and feasibility exceptions to general rule excluding evidence of subsequent remedial measures).

Plaintiff's suspicion that Defendant created the loose board is not sufficient to support a jury finding of negligence on the part of Defendant.  In *Ronk,* 850 F.Supp. at 370-71, the court ruled that there was no evidence beyond mere surmise that the defendant's air conditioning unit created a wet spot because the water on the floor was explainable by causes within the proprietor's control and as likely as not by causes *beyond* the proprietor's control.  No witness saw water emanating from the unit.  Moreover, the water on the floor might easily have come from liquid spilled by other patrons, thus it was impermissible to find that the defendant was the cause-in-fact of the injury.  *Id.* at 371.  Additionally, in this case, the fact that there were no previous falls through the floor board in question prior to the incident tends to show that the board was installed properly.  *See, e.g., Ramsey v. D.P.A. Assocs.*, 265 Md. 319, 324-25 (1972) (explaining that an explosion of a gas water heater with at least the possibility of access by

7

others which was operated after installation for six weeks without incident would tend to show that it was properly installed) (citing *Lee v. Hous. Auth. of Balt.*, 203 Md. 453, 463 (1954)).

The bowling alley is a public space in which considerable numbers of people have access to the floor boards.  It is possible that the floor board came loose as a result of the actions of bowling alley patrons.  As Plaintiff acknowledges, the accident occurred where "people stand there and bowl."  (Paper 27, Ex. A, Peoples Dep. at 16).  Plaintiff was in the eighth or ninth frame of his game when the accident occurred; and as he acknowledges, he jumps up and down when he gets excited that he has bowled a strike. (*Id.* at 18).  Thus, Plaintiff himself had access to the floorboards and the ability to create the danger.

Plaintiff's contentions thus amount to no more than mere surmise, possibility, and conjecture that Defendant created the danger.  Without more specific evidence, the loose board, as a matter of law, cannot be deemed a direct result of Defendant's negligence.

**2. Plaintiff Has Not Produced Sufficient Evidence That Defendant Had Constructive Knowledge of the Danger**

In the absence of evidence that Defendant created the danger that caused Plaintiff's injury, Plaintiff alternatively posits that Defendant had constructive knowledge of the condition of the board

created by an intervening agent.[1]  In order to prove constructive knowledge on the day in question, Plaintiff must show that the condition existed for a time sufficient to permit Defendant to discover the danger had he exercised reasonable care.  *See Maans v. Giant of Md., L.L.C.*, 161 Md.App. 620, 628-29 (2005).

In *Maans,* the Court of Special Appeals of Maryland found that the plaintiff produced no evidence that if the defendant had made reasonable inspections prior to the accident it would have discovered the water on the floor that caused the plaintiff to fall in time to prevent her accident.  *Maans*, 161 Md.App. at 632.  The court found that the water could have been spilled by a customer shortly before the plaintiff's accident.  *Id.*  The court ruled that this was fatal to the plaintiff's claim that the defendant failed to make reasonable inspections.  *Id.*

In the instant action, Plaintiff did not report any danger to Defendant prior to the incident, nor are there any other reports of customers noticing a loose board prior to the incident.  (*See* Paper 27, Ex. A, Peoples Dep. at 5).  As a proprietor, Defendant was not under a duty to conduct continuous inspections of its premises.  *See Carter v. Shoppers Food Warehouse MD Corp.*, 126 Md.App. 147, 162 (1999) (quoting *Moulden*, 239 Md. at 232)).  Similar to the court's ruling in *Maans*, Plaintiff has produced no evidence as to

---

[1] Plaintiff does not contend that Defendant had actual knowledge of the loose board.

9

how long the danger had existed prior to the incident. Also fatal to his claim is that bowling patrons, like the customers in *Maans*, could have caused the board to become loose on the day in question immediately before Plaintiff's accident. Plaintiff, thus, has offered no more than mere surmise and conjecture that the defect existed for a time sufficient to permit Defendant to discover it through the exercise of reasonable care. *See, e.g., Maans*, 161 Md.App. at 632. The evidence is insufficient to create a triable issue of fact.

### B. *Res Ipsa Loquitur*

Plaintiff alternatively claims that *res ipsa loquitur* can apply to his case and establish a presumption of negligence even if specific facts of negligence cannot be found. Defendant counters that Plaintiff is precluded from invoking *res ipsa loquitur* because he has attempted to establish specific facts of negligence.[2] Plaintiff, however, has not established the required elements to rely on *res ipsa loquitur*, even if applicable, and so this court need not decide whether Plaintiff may invoke the doctrine after attempting to allege specific facts of negligence.

The Court of Appeals of Maryland explained that "*[r]es ipsa loquitur* is applied in negligence actions as a permissible

---

[2] *See generally Smith v. Balt. Transit Co.*, 214 Md. 560, 566 (1957) ("[W]here the plaintiff himself proves the details of the happening and, having undertaken to prove the details, he has forgone reliance on *res ipsa loquitur*.").

10

inference that literally means 'the thing speaks for itself.'" *Dover Elevator Co., v. Swann*, 334 Md. 231, 236 (1994). *Res ipsa loquitur* requires proof of the following three elements: (1) a casualty of the kind which does not ordinarily occur in the absence of negligence; (2) that was caused by an instrumentality exclusively in the defendant's control; (3) under circumstances indicating that the casualty was not caused by an act or omission of the plaintiff. *Dover*, 334 Md. at 236-237.

In order to rely on *res ipsa loquitur*, Plaintiff must establish all three elements. Plaintiff cannot satisfy the second element, that the injury-causing instrumentality was in the exclusive control of Defendant:

> The element of control has an important bearing as negativing the hypothesis of an intervening cause beyond the defendant's control, and also as tending to show affirmatively that the cause was one within the power of the defendant to prevent by the exercise of care. Thus it has been held that the inference is not permissible where . . . the opportunity for interference by others weakens the probability that the injury is attributable to the defendant's act or omission.

*Holzhauer v. Saks & Co.*, 346 Md. 328, 337 (1997) (internal citations omitted).

The Court of Appeals of Maryland has consistently held *res ipsa loquitur* to be inapplicable when the opportunity for third-party interference prevents a finding that the defendant maintained exclusive control. *See, e.g.*, *Holzhauer*, 346 Md. at 337-38

(holding that defendant's control not exclusive when hundreds of customers had unlimited access to the emergency stop button on elevators each day); *Williams v. McCroy Stores Corp.*, 203 Md. 598, 604-05 (1954) (holding that defendant's control not exclusive where thousands of customers had access to the revolving stools every week); *Smith v. Kelly*, 246 Md. 640, 644 (1967) (holding that defendant's control not exclusive where customers had access to the self-service washing machines).

In the present case, Plaintiff has not shown that Defendant had exclusive control over the bowling floor as the area is readily accessed by bowling patrons. The record does not establish how many people bowled at Defendant's center on February 4, 2004; nor how many people bowled on the particular lane on which defendant bowled.[3] However, the bowling center was open to the public on that day, and there was a league tournament on the night the accident occurred. From those facts, it is reasonable to infer that numerous bowlers had access to the area of the bowling floor where the accident occurred. Moreover, Plaintiff and his bowling partner had themselves bowled on the lane for eight or nine frames before the accident occurred. (*See* Paper 27, Ex. A, Peoples Dep. at 11-12). Thus, there existed an opportunity for interference by others that weakened the probability that the injury was

---

[3] Plaintiff is unsure of which lane he was bowling on when he fell; he believes it was lane 17 or 18. (Paper 27, Ex. A, Peoples Dep. at 8).

12

attributable to Defendant's act or omission.  Plaintiff has not produced sufficient facts to demonstrate that the bowling area was in Defendant's exclusive control, and thus he cannot establish a necessary element of *res ipsa loquitur*.  As Plaintiff has not established the second essential element to prove *res ipsa loquitur,* this court need not consider the other two requirements.

**IV. Conclusion**

Plaintiff Darryle Peoples has failed to show any genuine issues of material fact, and Defendant is entitled to judgment as a matter of law on all counts.  Accordingly, Defendant's motion for summary judgment will be granted.  A separate Order will follow.


                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge